1  CHRISTINA S. COLL (CA Bar #250712)
2  christina.coll@cfpb.gov
   CONSUMER FINANCIAL PROTECTION BUREAU
3  1700 G Street NW
4  Washington, DC 20552
   Telephone: (202) 309-9704
5  Facsimile: (415) 844-9788

6
   Attorney for Plaintiff
7  Consumer Financial Protection Bureau

8
   SCOTT M. PEARSON (CA Bar #173880)
9  spearson@manatt.com
   JOHN A. KIMBLE (CA Bar #316613)
10 jkimble@manatt.com
11 MANATT, PHELPS & PHILLIPS, LLP
   2049 Century Park East, Suite 1700
12 Los Angeles, CA  90067
13 Telephone: (310) 312-4000
   Facsimile: (310) 312-4224
14

15 Attorneys for Defendant
16 SettleIt, Inc.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>       Plaintiff,<br><br>       v.<br><br>SETTLEIT, INC.,<br><br>       Defendant. | CASE NO.: 8:21-cv-00674-DOC<br><br>**[PROPOSED] STIPULATED FINAL JUDGEMENT AND ORDER** |

The Consumer Financial Protection Bureau commenced this civil action on April 13, 2021 to obtain injunctive and monetary relief and a civil penalty from SettleIt, Inc. The Complaint alleges violations of §§ 1031(a) and 1036(a) of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531(a), 5536(a)(1)(A) and (B), and violations of the Telemarketing Sales Rule (TSR), 16 C.F.R. §§ 310.3(a)(1)(i), 310.3(a)(2)(x), and 310.4(a)(5)(i)(A), in connection with Defendant's debt-settlement practices.

The Bureau and Defendant agree to the Court's entry of this Stipulated Final Judgment and Order (Order), without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the conduct alleged in the Complaint.

# FINDINGS

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Defendant neither admits nor denies the allegations in the Complaint, except as specified in this Order. For purposes of this Order, Defendant admits the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

3. Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order and any claim it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order. Each Party agrees to bear its own costs and expenses, including, without limitation, attorneys' fees.

4. Entry of this Order is in the public interest.

# DEFINITIONS

5. The following definitions apply to this Order:

1

[PROPOSED] STIPULATED FINAL JUDGEMENT AND ORDER
CASE NO.: 8:21-CV-00674

a. **"Affected Consumers"** are any consumers who paid performance fees to SettleIt for settling the consumer's CashCall, Inc. or LoanMe Inc. debt on or after May 1, 2018.

b. **"Debt Relief Product or Service"** means any program or service represented, directly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more creditors or debt collectors, including but not limited to a reduction in the balance, interest rate, or fees owed by a person to a creditor or debt collector.

c. **"Defendant"** means SettleIt, Inc. and its successors and assigns.

d. **"Effective Date"** means the date on which the Order is entered on the docket by the Court.

e. **"Enforcement Director"** means the Assistant Director of the Office of Enforcement for the Consumer Financial Protection Bureau or his or her delegate.

f. **"Related Consumer Action"** means a private action by or on behalf of one or more consumers or an enforcement action by another governmental agency brought against Defendant based on substantially the same facts as described in the Complaint.

## CONDUCT PROVISIONS

### I.

### Prohibitions

**IT IS ORDERED** that:

6. Defendant and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with the advertising,

marketing, promotion, offering for sale, sale, or performance of any Debt Relief Product or Service, may not take unreasonable advantage of the reasonable reliance by a consumer on Defendant to protect the consumer's interests, including but not limited to:

    a. Defendant must not settle debts owed to CashCall, Inc., LoanMe, Inc., or any company with which it shares direct or indirect ownership;

    b. for all "Fresh Start" loans, Defendant must disclose to consumers its affiliation with any provider of these loans; and

    c. for all Affected Consumers with currently enrolled debts to CashCall, Inc. or LoanMe, Inc., Defendants must inform them that it will no longer seek to settle those debts.

7. Defendant and its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who have actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any Debt Relief Product or Service, must comply with the Telemarketing Sales Rule, including by:

    a. for all "Fresh Start" loans, disclosing to consumers the amount to be disbursed to SettleIt out of the loan proceeds and the amount to be disbursed on behalf of the consumer to any third parties;

    b. not charging settlement-performance fees unless a consumer has first authorized a particular settlement;

    c. clearly and conspicuously disclosing to consumers the estimated cost of its services in proximity to its disclosure of the estimated settlement amount; and

    d. not misrepresenting any fact material to consumers, such as the total costs and any material restrictions, limitations, or conditions.

## MONETARY PROVISIONS

## II.

### Order to Pay Redress

**IT IS FURTHER ORDERED** that:

8. Within 10 days of the Effective Date, Defendant must reserve or deposit into a segregated deposit account not less than $646,769.43, which represents the amount of performance fees collected by SettleIt for settling debts owed to CashCall, Inc. and LoanMe, Inc. on or after May 1, 2018, for the purpose of providing redress to Affected Consumers as required by this Section.

9. Within 30 days of the Effective Date, Defendant must submit to the Enforcement Director for review and non-objection a comprehensive written plan for providing redress consistent with this Order (Redress Plan). The Enforcement Director will have the discretion to make a determination of non-objection to the Redress Plan or to direct Defendant to revise it. If the Enforcement Director directs Defendant to revise the Redress Plan, Defendant must revise and resubmit the Redress Plan to the Enforcement Director within 15 days. After receiving notification that the Enforcement Director has made a determination of non-objection to the Redress Plan, Defendant must implement and adhere to the steps, recommendations, deadlines, and timeframes outlined in the Redress Plan.

10. The Redress Plan must apply to all Affected Consumers and, at a minimum:
    a. specify how Defendant identified the Affected Consumers and specify the names of the Affected Consumers;
    b. allocate not less than $646,769.43 to the consumers who paid performance fees to SettleIt for settling their CashCall, Inc. or LoanMe Inc. debt on or after May 1, 2018, as a full refund of those performance fees;

  c. detail a methodology for calculating the performance fee refunds for the Affected Consumers;

  d. detail the manner in which redress will be provided to all Affected Consumers, including detailing how payments will be made to probate or bankruptcy estates in accordance with applicable law; and

  e. detail the reasonable efforts that Defendant will undertake to locate consumers to whom redress should be provided and verify their addresses before providing redress.

  11. The Redress Plan must include: (1) the form of the letter (Redress Notification Letter) to be sent notifying Affected Consumers of the redress; and (2) the form of the envelope that will contain the Redress Notification Letter. The letter must include language explaining how the amount of redress was calculated and a statement that the provision of refund payment complies with the terms of this Consent Order. Respondents may not include in any envelope containing a Redress Notification Letter any materials other than the approved letters and redress checks.

  12. After completing the Redress Plan, if the amount of redress provided to Affected Consumers is less than $646,769.43, within 30 days of the completion of the Redress Plan, Defendant must pay to the Bureau, by wire transfer to the Bureau or to the Bureau's agent, and according to the Bureau's wiring instructions, the difference between the amount of redress provided to Affected Consumers and $646,769.43.

  13. The Bureau may use these remaining funds to pay additional redress to Affected Consumers. If the Bureau determines, in its sole discretion, that additional redress to Affected Consumers is wholly or partially impracticable or otherwise inappropriate, or if funds remain after the additional redress is completed, the Bureau will deposit any remaining funds in the U.S. Treasury as disgorgement. Defendant will have

no right to challenge any actions that the Bureau or its representatives may take under this Section.

14. Defendant may not condition the payment of any redress to any Affected Consumer under this Order on that Affected Consumer waiving any right.

## III.
## Order to Pay Civil Money Penalty

**IT IS FURTHER ORDERED** that:

15. Under § 1055(c) of the CFPA, 12 U.S.C. § 5565(c), by reason of the violations of law alleged in the Complaint and continuing until the Effective Date, and taking into account the factors in 12 U.S.C. § 5565(c)(3), Defendant must pay a civil money penalty of $750,000 to the Bureau.

16. Within 10 days of the Effective Date, Defendant must pay the civil money penalty by wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions.

17. The civil money penalty paid under this Order will be deposited in the Civil Penalty Fund of the Bureau, as required by § 1017(d) of the CFPA, 12 U.S.C. § 5497(d).

18. Defendant must treat the civil money penalty paid under this Order as a penalty paid to the government for all purposes. Regardless of how the Bureau ultimately uses those funds, Defendant may not:
   a. claim, assert, or apply for a tax deduction, tax credit, or any other tax benefit for any civil money penalty paid under this Order; or
   b. seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made under any insurance policy, with regard to any civil money penalty paid under this Order.

## IV.

## Additional Monetary Provisions

**IT IS FURTHER ORDERED** that:

19. In the event of any default on Defendant's obligations to make payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding amounts not paid from the date of default to the date of payment and will immediately become due and payable.

20. Defendant relinquishes all dominion, control, and title to the funds paid under this Order to the fullest extent permitted by law and no part of the funds may be returned to Defendant.

21. The facts alleged in the Complaint will be taken as true and given collateral estoppel effect, without further proof, in any proceeding based on the entry of the Order or in any subsequent civil litigation, by or on behalf of the Bureau, including in a proceeding to enforce its rights to any payment or monetary judgment under this Order, such as a nondischargeability complaint in any bankruptcy case.

22. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Bureau under § 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and for such purposes this Order will have collateral estoppel effect against Defendant, even in Defendant's capacity as debtor-in-possession.

23. Under 31 U.S.C. § 7701, Defendant, unless it already has done so, must furnish to the Bureau its taxpayer-identification numbers, which may be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

24. Within 30 days of the entry of a final judgment, order, or settlement in a Related Consumer Action, Defendant must notify the Enforcement Director of the final judgment, order, or settlement in writing. That notification must indicate the amount of redress, if any, that Defendant paid or is required to pay to consumers and describe the

consumers or classes of consumers to whom that redress has been or will be paid. To preserve the deterrent effect of the civil money penalty in any Related Consumer Action, Defendant may not argue that Defendant is entitled to, nor may Defendant benefit by, any offset or reduction of any monetary remedies imposed in the Related Consumer Action because of the civil money penalty paid in this action or because of any payment that the Bureau makes from the Civil Penalty Fund. If the court in any Related Consumer Action offsets or otherwise reduces the amount of compensatory monetary remedies imposed against Defendant based on the civil money penalty paid in this action or based on any payment that the Bureau makes from the Civil Penalty Fund, Defendant must, within 30 days after entry of a final order granting such offset or reduction, notify the Bureau and pay the amount of the offset or reduction to the U.S. Treasury. Such a payment will not be considered an additional civil money penalty and will not change the amount of the civil money penalty imposed in this action.

## COMPLIANCE PROVISIONS

## V.

## Reporting Requirements

**IT IS FURTHER ORDERED** that:

25. Defendant must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendant; or a change in Defendant's name or address. Defendant must provide this notice at least 30 days before the development or as soon as practicable after the learning about the development, whichever is sooner.

26. Within 7 days of the Effective Date, Defendant must:

      a. designate at least one telephone number and email, physical, and postal addresses as points of contact that the Bureau may use to communicate with Defendant;

      b. identify all businesses for which Defendant is the majority owner, or that Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; and

      c. describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales.

27. Defendant must report any change in the information required to be submitted under Paragraph 26 at least 30 days before the change or as soon as practicable after learning about the change, whichever is sooner.

28. Within 90 days of the Effective Date, and again one year after the Effective Date, Defendant must submit to the Enforcement Director an accurate written compliance progress report sworn to under penalty of perjury (Compliance Report), which, at a minimum:

      a. lists each applicable paragraph and subparagraph of the Order and describes in detail the manner and form in which Defendant has complied with each such paragraph and subparagraph of this Order;

      b. describes in detail the manner and form in which Defendant has complied with the Redress Plan; and

      c. attaches a copy of each Order Acknowledgment obtained under Section VI, unless previously submitted to the Bureau.

# VI.

# Order Distribution and Acknowledgment

**IT IS FURTHER ORDERED** that:

29. Within 7 days of the Effective Date, Defendant must submit to the Enforcement Director an acknowledgment of receipt of this Order, sworn under penalty of perjury.

30. Within 30 days of the Effective Date, Defendant must deliver a copy of this Order to each of its board members and executive officers, as well as to any managers, employees, service providers, or other agents and representatives who have responsibilities related to the subject matter of the Order.

31. For 5 years from the Effective Date, Defendant must deliver a copy of this Order to any business entity resulting from any change in structure referred to in Section V, any future executive officers, as well as to any managers, employees, Service Providers, or other agents and representatives who will have responsibilities related to the subject matter of the Order before they assume their responsibilities.

32. Defendant must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. §§ 7001-7006, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

33. Within 90 days of the Effective Date, Defendant must provide the Bureau with a list of all persons and their titles to whom this Order was delivered through that date under Paragraphs 30 and 31 and a copy of all signed and dated statements acknowledging of receipt of this Order under Paragraph 32.

# VII.

# Recordkeeping

**IT IS FURTHER ORDERED** that:

34. Defendant must create, for at least 5 years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau. Defendant must retain these documents for at least 5 years after creation and make them available to the Bureau upon the Bureau's request.

35. Defendant must maintain, for at least 5 years from the Effective Date or 5 years after creation, whichever is longer:

   a. copies of all sales scripts; training materials; advertisements; websites; and other marketing materials, including any such materials used by a third party on Defendant's behalf;

   b. all consumer complaints and refund requests (whether received directly or indirectly, such as through a third party), and any responses to those complaints or requests;

   c. records showing, for each employee providing services, that person's name; telephone number; email, physical, and postal address; job title or position; dates of service; and, if applicable, the reason for termination; and

   d. records showing, for each service provider providing services, the name of a point of contact and that person's telephone number; email, physical, and postal address; job title or position; dates of service; and, if applicable, the reason for termination.

Defendant must make these materials available to the Bureau upon the Bureau's request.

# VIII.
# Notices

**IT IS FURTHER ORDERED** that:

36. Unless otherwise directed in writing by the Bureau, Defendant must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*CFPB v. SettleIt, Inc.*, Central District of California Case No. 8:21-cv-00674," and send them by overnight courier or first-class mail to the below address:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTENTION: Office of Enforcement
> 1700 G Street, N.W.
> Washington D.C. 20552

and contemporaneously by email to:

> Enforcement_Compliance@cfpb.gov

37. The Enforcement Director may, in his or her discretion, modify any non-material requirements of this Order *(e.g.,* reasonable extensions of time and changes to reporting requirements) if he or she determines good cause justifies the modification. Any such modification by the Enforcement Director must be in writing.

# IX.
# Cooperation with the Bureau

**IT IS FURTHER ORDERED** that:

38. Defendant must cooperate fully to help the Bureau determine the identity and location of, and the amount of injury sustained by, each Affected Consumer. Defendant must provide such information in its or its agents' possession or control within 14 days of receiving a written request from the Bureau.

# X.
## Compliance Monitoring

**IT IS FURTHER ORDERED** that:

39. Within 14 days of receipt of a written request from the Bureau, Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; provide sworn testimony; or produce documents.

40. Defendant must permit Bureau representatives to interview any employee or other person affiliated with Defendant who has agreed to such an interview regarding: (a) this matter; (b) anything related to or associated with the conduct described the Complaint; and (c) compliance with this Order. The person interviewed may have counsel present.

41. Nothing in this Order will limit the Bureau's lawful use of compulsory process, under 12 C.F.R. § 1080.6.

# XI.
## Retention of Jurisdiction

**IT IS FURTHER ORDERED** that:

42. The Court will retain jurisdiction over this matter for the purpose of enforcing this Order.

**IT IS SO ORDERED**.

DATED this 2nd day of _____July_____, 2021.

*/s/ David O. Carter*

Hon. David O. Carter
United States District Court Judge